## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

**ELIZABETH SPIVEY-JOHNSON,**
**formerly known as**
**ELIZABETH PENDERGAST,**

                            **Plaintiff,**

   v.                                                                          Case No. 05-C-0081

**ALICE O'MAHAR,**

                            **Defendant.**

## DECISION AND ORDER

The plaintiff Elizabeth Spivey-Johnson ("Spivey-Johnson"), formerly known as Elizabeth Pendergast, seeks leave to proceed on her fourth amended request for *in forma pauperis* status in this action. In her original complaint, Spivey-Johnson only named one defendant, Alice O'Mahar ("O'Mahar"), an employee of the Wisconsin Supreme Court's Office of Lawyer Regulation ("OLR"). On January 23, 2006, Spivey-Johnson filed an amended complaint, also naming the OLR as a defendant and adding a claim for violation of privacy against both defendants.[1] Also

---

[1] Spivey-Johnson's original and amended complaints state that: "I declare under penalty of perjury that the foregoing is true and correct." By declaring under penalty of perjury that her complaints are true and signing both documents, Spivey-Johnson has verified her complaints pursuant to 28 U.S.C. § 1746. Thus, the factual assertions in her complaints, which comply with the requirements of Fed. R. Civ. P. 56(e), are considered as if they were made in an affidavit. *See Ford v. Wilson*, 90 F.3d 245, 246 (7th Cir. 1996).

pending is an amended request for appointment of counsel. These matters will be addressed herein.

## *Amended Complaint*

The Court is obliged to give Spivey-Johnson's pro se allegations, however unartfully pleaded, a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Liberally construed, Spivey-Johnson states she filed misconduct grievances with the OLR against Attorneys Karen D. Darby ("Darby"), Barry J. Book ("Book"), Bradley L. Fulton ("Fulton"), Mindy R. Buenger ("Buenger") and Sandy Swartzberg ("Swartzberg"). Spivey-Johnson states that she gave O'Mahar substantial evidence to support her claims. However, as to each grievance, O'Mahar issued an investigative report finding no professional misconduct. Spivey-Johnson states that O'Mahar failed to investigate her grievances fairly and abused her power by deciding them. Spivey-Johnson seeks six million dollars in damages for the failure to render a fair and just investigation and for violating her civil rights by disclosing "personal and confidential" information causing her emotional and mental damage.

Rule 15(a) of the Federal Rules of Civil Procedure provides that a plaintiff may amend a complaint once as a matter of course, any time before a responsive pleading is filed. However, when a plaintiff attempts to amend her complaint to assert claims against additional defendants, she must obtain leave of the court. *See Moore v. Ind.*, 999 F.2d 1125, 1128 (7th Cir. 1993). The Court construes

2

Spivey-Johnson's amended complaint, filed January 23, 2006, as including a motion to file an amended complaint.

Rule 15(a) of the Federal Rules of Civil Procedure states that leave to file an amended complaint "shall be freely given when justice so requires." The Supreme Court has explained the meaning of "freely given" as used in Rule 15(a) by stating:

> In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of a movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. - the leave sought should, as the rules require be freely given.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). The Court should not allow a plaintiff to amend her complaint when to do so would be futile. *Id.* An amendment is futile when it would not survive a motion to dismiss. *Moore,* 999 F.2d at 1128.

*Adding OLR as a Defendant*

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State . . . ." It is well settled that "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (quoting *Employees v. Mo. Pub.*

3

*Health & Welfare Dep't*, 411 U.S. 279, 294 (1973)). The Eleventh Amendment bars actions in federal court by private parties seeking to impose liability payable from public funds in the state treasury. *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). Whether a particular state agency is an arm of the state for purposes of the Eleventh Amendment is a question of federal law. *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 430 n.5 (1997). "But that federal question can be answered only after considering the provisions of state law that define the agency's character." *Id.*

In *Landers Seed Co., Inc. v. Champaign Nat'l Bank*, 15 F.3d 729, 731-32 (7th Cir. 1994), the Court of Appeals for the Seventh Circuit held that a suit against the Illinois Supreme Court was barred by the Eleventh Amendment, which "bars federal suits against state courts and other branches of state government." *Id*. (citing *Clark v. Clark*, 984 F.2d 272 (8th Cir. 1993) (action against state court barred by Eleventh Amendment). State law determines whether an entity is an agency or instrumentality of the state and is protected by Eleventh Amendment immunity. *See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977).

The Wisconsin state judicial system, including the Wisconsin Supreme Court, was created by the Wisconsin Consitution, which "vests the judicial power of [the] state in a unified court system consisting of one supreme court, a court of appeal, a circuit court. . ., and a municipal court." Wis. Const. art. IIV, § 2. The Supreme Court of Wisconsin has the exclusive authority to regulate the practice of law and to

4

discipline members of the Wisconsin bar for professional misconduct. *State ex rel. Fiedler v. Wis. Senate*, 155 Wis. 2d 94, 454 N.W.2d 770, 773 (Wis. 1990).

As outlined in Chapter 21 of the Wisconsin Supreme Court Rules, the OLR (formerly known as the Board of Attorneys Professional Responsibility or BAPR) serves as an arm of the Wisconsin Supreme Court and assists in regulating and disciplining the discharge of this duty. *See Leaf v. Supreme Court of Wis.*, 979 F.2d 589, 592-93 (7th Cir. 1992). In the investigation process, and in the prosecution of complaints and petitions alleging attorney misconduct, the staff of the OLR "represents the interest of the supreme court and the public in the integrity of the lawyer regulation system in its search for the truth." Wis. SCR 21.12 (2002). The OLR receives and responds to grievances relating to attorneys licensed or practicing law in Wisconsin and, "when appropriate," investigates allegations of attorney misconduct or medical incapacity. Wis. SCR 21.01. The OLR may also divert a matter to an alternative discipline program. *Id.* The OLR conducts proceedings relating to attorney discipline, attorney medical incapacity, and license reinstatement petitions. *Id.* The OLR "functions pursuant to the procedures set forth in SCR chapter 22." *Id.*

A state's Eleventh Amendment immunities extend to its agencies and instrumentalities. *See Lewis v. La. State Bar Ass'n*, 792 F.2d 493, 497 (5th Cir. 1986); *Cuffeld v. Supreme Court of Pa.*, 936 F. Supp. 266, 272-73 (E.D. Pa. 1996).

5

A suit against the OLR is tantamount to a suit against the Wisconsin Supreme Court. As an "arm" of the Wisconsin Supreme Court, *see Leaf*, 979 F.2d at 592-93, the OLR is cloaked with the state's Eleventh Amendment immunity. *Landers Seed Co.*, 15 F.3d at 731-32. Consequently, amendment of the complaint to name the OLR as a defendant would be futile and is denied. *Moore*, 999 F.2d at 1128.

*Privacy Claim*

The Court next inquires whether Spivey-Johnson may amend her complaint to add a privacy claim. Spivey-Johnson maintains that, when filing her grievances with the OLR, she thought that the information contained therein would be confidential. But, she states that O'Mahar notified each subject attorney of the respective grievance that Spivey-Johnson had filed against them. Later, when O'Mahar mailed the OLR's decisions to the subject attorneys, she included a copy of Spivey-Johnson's grievance.

Wisconsin Supreme Court Rule 22.40(1) states, in relevant part, that prior to filing a misconduct complaint, all papers, files, transcripts, and communications in any matter involving the OLR are to be held in confidence by the director and staff of the OLR. However, that proviso is tempered by subsection (2) of Rule 22.40 which provides that "the director may provide relevant information to the respondent, the grievant" and other specified persons and entities. Thus, the

6

Wisconsin law governing the OLR proceedings specifically allows for the disclosure of information to the respondent.

Furthermore, Spivey-Johnson cannot claim a constitutional violation related to her privacy claims. In *Whalen v. Roe*, 429 U.S. 589, 599 (1977), the Supreme Court stated that the Fourteenth Amendment protects two different kinds of privacy interests: the individual interest in avoiding disclosure of personal matters and the interest in independence in making certain kinds of important decisions. Although the full measure of the constitutional protection of the right to privacy has not yet been fully delineated, it encompasses "matters relating to marriage, procreation, contraception, family relationships, and child rearing and education." *Paul v. Davis*, 424 U.S. 693, 713 (1976). The Supreme Court and the Seventh Circuit have repeatedly held that the right of privacy protects only those rights that are "fundamental" or "implicit in the concept of ordered liberty." *Roe v. Wade*, 410 U.S. 113, 152 (1973); *McEldrath v. Califano*, 615 F.2d 434, 441 (7th Cir. 1980). Because the information disclosed in the instant case is far afield from those fundamental matters, Spivey-Johnson has not stated a constitutional privacy claim. Therefore, amendment of her complaint to add such a claim is futile and is denied. *See Foman*, 371 U.S. at 182. Because her attempts to add a new defendant and a new claim are futile, the Court denies Spivey-Johnson's motion to amend her complaint. Therefore,

7

the Court proceeds to consider Spivey-Johnson's request for leave to proceed *in forma pauperis* on her original complaint.

### *Leave to Proceed In Forma Pauperis*

In considering Spivey-Johnson's request to proceed *in forma pauperis*, the Court must make two determinations: (1) whether the litigant is unable to pay the costs of commencing the action; and (2) whether the action warrants dismissal because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(a)(1) & (e)(2).

After having twice concluded that Spivey-Johnson had not demonstrated an inability to pay the $150.00 filing fee for her actions,[2] the Court revisited the question and concluded that, based on changed circumstances, Spivey-Johnson had shown that she was unable to pay the costs associated with filing her action. *See Spivey-Johnson v. WE Energies*, Case No. 05-C-51, slip op. at 4 (E.D. Wis. July 17, 2005). The Court relies upon those changed circumstances and concludes, that for the purposes of paying the filing fee, Spivey-Johnson is indigent – though, as the Court previously explained, it is a close call. *See id.*

---

[2] The $150.00 filing fee was in effect when Spivey-Johnson filed her initial requests for *in forma pauperis* status.

8

Thus, the Court proceeds to the second step of the *in forma pauperis* analysis and asks whether Spivey-Johnson's action warrants dismissal because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(a)(1) & (e)(2). "District courts must construe *pro se* pleadings liberally, . . . The essence of liberal construction is to give a *pro se* plaintiff a break when, although he stumbles on a technicality, his pleading is otherwise understandable." *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998) (citing *Haines v. Kerner*, 404 U.S. 519 (1972)).

Section §1915(e)(2)(B)(ii) of Title 28 of the United States Code "provides that a district court must dismiss the case of a plaintiff proceeding *in forma pauperis* if the action fails to state a claim on which relief may be granted." *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000). "In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in [her] favor." *Id.* at 612. "All that is required is 'a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Id.* (quoting *Leatherman v. Tarrant County Narc. Intel. & Coord. Unit*, 507 U.S. 163, 168 (1993)). "A complaint should be dismissed for failure to state a claim only if 'no relief could be granted under any set of facts that could be proved consistent with the

9

allegations.'" *DeWalt*, 224 F.3d at 612 (quoting *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998)) (citations and internal quotation marks omitted).

Considering Spivey-Johnson's factual allegations as true and drawing all reasonable inferences in her favor, this Court must now determine whether Spivey-Johnson has stated an arguable claim for relief under federal and/or state law. *See DeWalt*, 224 F.3d at 612. Section 1331 of Title 28 of the United States Code provides that "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The Fourteenth Amendment due process clause states: "[N]or shall any State deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. The procedure for the OLR's investigation of grievances is set forth in SCR 22.02.[3]

---

[3] As relevant to this action SCR 22.02 provides:

> (2) The staff shall conduct a preliminary evaluation of the inquiry or grievance and may do any of the following:
>
> (a) Forward the matter to another agency.
>
> (b) Attempt to reconcile the matter between the grievant and the attorney if it is a minor dispute.
>
> (c) Close the matter if it does not present sufficient information of cause to proceed.
>
> (d) Refer the matter to the director with a recommendation that the matter be investigated by staff or diverted.

(3) If staff forwards the matter to another agency, it shall provide the grievant the reasons for doing so. The decision of staff is final, and there shall be no review of the decision.

4) The staff shall notify the grievant in writing that the grievant may obtain review by the director of the staff's closure of a matter under sub. (2)(c) by submitting to the director a written request. The request for review must be received by the director within 30 days after the date of the letter notifying the grievant of the closure. The director may, upon a timely request by the grievant for

10

Spivey-Johnson's allegations could arguably give rise to a procedural due process claim regarding O'Mahar's treatment of the grievances. Spivey-Johnson's complaint could be construed as bringing suit pursuant to 42 U.S.C. § 1983, which states any person who is deprived of "rights, privileges, or immunities secured by the Constitution and laws" by a person acting under the color of state law has a federal cause of action.

However, it is well established that § 1983 does not abrogate the Eleventh Amendment immunity of the states. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 67, 71 (1989) (a state is not a 'person' within the meaning of § 1983, and the Eleventh Amendment bars § 1983 suits against a state); *Quern v. Jordan*, 440 U.S. 332, 345 (1979). The Eleventh Amendment bars § 1983 actions seeking injunctive as well as monetary relief against a state or a state agency and also bars damage claims against its officials in their official capacities. (It does not bar claims against officials in their official capacities for injunctive relief. *Will*, 491 U.S. at 71; *see also, Edelman v. Jordan*, 415 U.S. at 664.) Thus, to the extent that Spivey-Johnson is suing O'Mahar under § 1983 in her official capacity, her claim is barred by the Eleventh Amendment.

---

additional time, extend the time for submission of additional information relating to the request for review. The decision of the director affirming the closure or referring the matter to staff for further evaluation is final, and there shall be no review of the director's decision.

11

The Eleventh Amendment would not however bar any § 1983 claim against O'Mahar in her individual capacity. But, consideration of Spivey-Johnson's procedural due process claim against O'Mahar raises the jurisdictional doctrine of "standing." "Standing" focuses on the qualifications of the party bringing the suit; the doctrine inquires "whether the litigant is entitled to have the court decide on the merits of the dispute or of particular issues." *Frank Rosenberg, Inc. v. Tazewell County*, 882 F.2d 1165, 1168 (7th Cir. 1989) (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975)). To establish standing, a party must establish three elements: (1) personal injury, (2) fairly traceable to the defendant's allegedly unlawful conduct, and (3) likely to be redressed by the requested relief. *Frank Rosenberg, Inc.*, 882 F.2d at 1168 (quoting *Allen v. Wright*, 468 U.S. 737, 751 (1984)); *see also*, *Lee v. City of Chi.*, 330 F.3d 456, 468 (7th Cir. 2003). If the plaintiff lacks standing, then there is no "case or controversy" as required by Article III of the Constitution and the federal courts therefore lack jurisdiction. *Perry v. Sheahan*, 222 F.3d 309, 313 (7th Cir. 2000).

In *Doyle v. Okla. Bar Ass'n*, 998 F.2d 1559, 1566-67 (10th Cir. 1993), the court dismissed an analogous § 1983 action for lack of standing. The plaintiff, dissatisfied with the investigation of grievances he filed against his ex-wife's lawyer, sued the state bar association, its employees, and members of its professional responsibility commission under § 1983. *Id.* at 1562. The appellate court identified

12

the "core assertion" of the complaint for damages: that the plaintiff was unconstitutionally deprived of the intended results of his grievances; i.e., having a lawyer disciplined or at least greatly inconvenienced. *Id*. at 1566. The court found that the state disciplinary commission acted in a prosecutorial capacity and, therefore, had full discretion over the course and extent of its investigation, and the sole discretion to file (or not file) a complaint against a lawyer. *Id*. The court held that the plaintiff "had no more standing to insert himself substantively into a license-based system than he has to compel the *issuance* of a license." *Id*. at 1567. In holding that the plaintiff lacked standing, the court analogized the discretion of the disciplinary commission to that of prosecutor in a criminal proceeding. *Id*. at 1566-67.

In the instant case, the Wisconsin Supreme Court Rules vest similar prosecutorial discretion with the OLR and its employees. Accordingly, this Court concludes that Spivey-Johnson lacks standing to bring any procedural due process claim against O'Mahar. *See Frank Rosenberg, Inc.*, 882 F.2d at 1168; *Doyle*, 998 F.2d at 1566-67.

Even if Spivey-Johnson established standing to bring a procedural due process claim, her allegations fail to state a due process claim. Such claims require a two-step analysis. *Listenbee v. City of Milwaukee*, 976 F.2d 348, 351 (7th Cir. 1992); *see also*, *Bayview-Lofberg's, Inc. v. City of Milwaukee*, 905 F.3d 142, 144 (7th Cir. 1990). The Court must first determine whether the plaintiff has a protected life,

13

liberty, or property interest as a matter of substantive law. *Listenbee*, 976 F.2d at 351. If so, the Court must then determine what process is due before the plaintiff can be deprived of that interest. *Id.*

To the extent that Spivey-Johnson claims that she has a right to fair review of her complaints regarding lawyer misconduct and that O'Mahar deprived her of this right by failing to recommend investigation pursuant to Wis. SCR 22.02(2)(d), Spivey-Johnson has failed to establish that she has a life, liberty or property interest essential to a procedural due process claim. *See Id.*

The Seventh Circuit has stated:

> To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it. This means that an entitlement that stands or falls on the application of rules to facts. To the extent a request appeals to discretion rather than rules, there is no property.

*Bayview*, 905 F.3d at 145 (internal citations omitted). *Bayview* involved applicants' attempts to secure liquor licenses within Milwaukee, Wisconsin. Under Wisconsin law, issuance of a liquor license is trusted to municipal discretion. The plaintiffs contended that upon proper submission of their applications, they had a property interest in liquor licenses because the city's ordinance did not provide for an exercise of discretion in approving the applications. In rejecting that claim, the appeals court noted the language of the Milwaukee ordinance, which stated that Milwaukee may

14

consider "various factors, including the 'appropriateness of the [store] location;' undesirable neighborhood problems the location might create; the 'overconcentration of licensed establishments' within a neighborhood; and most generally, 'any other factors which reasonably relate to the public health, safety, and welfare.'" *Id.* at 145. The court ruled that the weighing of factors, couched in such broad language and the ordinances use of the word "may," necessarily involved the exercise of discretion by Milwaukee. *Id.*

Likewise, the guidelines for OLR intake officers – such as O'Mahar – are a framework for the exercise of discretion. Wisconsin SCR 22.02 provides that the OLR staff "shall conduct a preliminary evaluation of the inquiry or grievance and *may* do any of the following: . . . c) Close the matter if it does not present sufficient information of cause to proceed." (emphasis added). The intake officers are granted discretion when determining whether a grievant has alleged evidence "sufficient" to compel an investigation. Thus, Spivey-Johnson does not have an entitlement to a formal investigation of the lawyers and does not have an underlying life, liberty, or property interest. Therefore, as a matter of law, she has failed to state an arguable procedural due process claim against O'Mahar.

Because Spivey-Johnson's complaint does not contain federal claims, her complaint must invoke diversity jurisdiction to survive in this forum. To establish for diversity jurisdiction under 28 U.S.C. § 1332, two requirements must be met: (1)

15

there must be complete diversity of citizenship between all plaintiffs and all defendants; and (2) "the proper amount in controversy" (currently $75,000) must be sufficiently alleged. *See Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 977 (7th Cir. 2000). In the present action, no grounds for diversity jurisdiction exist because both parties are Wisconsin residents. *See* 28 U.S.C. § 1332(a)(1).

In light of the foregoing, Spivey-Johnson's procedural due process claim is dismissed for lack of jurisdiction because she does not have standing to bring such a claim. Even if she established standing, her procedural due process claim fails as a matter of law and she has not stated any other arguable federal claim for relief. The Court also lacks jurisdiction over any potential state law claims. Therefore, Spivey-Johnson's request for leave to proceed *in forma pauperis* in this action is dismissed. Further, Spivey-Johnson's amended motion for appointment of counsel is dismissed for lack of jurisdiction.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Spivey-Johnson's motion for leave to file her amended complaint (Docket No. 20) is **DENIED**.

Spivey-Johnson's fourth amended request for leave to proceed *in forma pauperis* (Docket No. 12) is **DISMISSED** for lack of subject matter jurisdiction.

16

Spivey-Johnson's amended motion for appointment of counsel (Docket No. 19) is **DISMISSED** for lack of subject matter jurisdiction.

The Clerk of Court is **DIRECTED** to enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 13th day of February, 2006.

**BY THE COURT**

s/ Rudolph T. Randa
**Hon. Rudolph T. Randa**
**Chief Judge**